# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| GREG SIMPSON AND MARY PAUOLE, on behalf of themselves, and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>RJ Walker v, LLC d/b/a MY FATHER'S MOUSTACHE, and ROBERT J. WALKER, V,<br><br>    Defendants. | Case No. 2:23-cv-05808-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Parties' joint motion for approval of settlement under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). (Dkt. No. 42). For the reasons set forth below, the Court grants the motion and dismisses this case with prejudice.

## I. Background

Plaintiffs are former servers at Defendant Walker's restaurant, My Father's Moustache, who filed suit under the FLSA alleging they were required to perform non-tip producing work unrelated to their tip-producing work for a greater proportion of time than permitted under FLSA. (Dkt. No. 42-1 at 2). They also claim that Defendants failed to provide them with proper notice of the tip credit, failed to properly pay overtime and violated the South Carolina Payment of Wages Act. (*Id.*). The Parties represent that they have "vigorously pursued their respective positions and the rights of their clients through extended legal and factual analysis, exchange of documents and data, and damages analysis" and "extensive negotiations" which have culminated in the present motion for settlement approval. (*Id.* at 3).

1

## II. Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III. Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a fair and reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorney's fees and costs is reasonable. Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047, at *2 (D. Md. 2013). Here, Plaintiffs allege Defendants failed to comply with the FLSA and South Carolina Payment of Wages Act by requiring them to perform non-tip producing work while paying them as tip-producing employees, failing to provide them notice of the Tip Act and failing to pay overtime

wages. The Parties "are in a position to understand the strengths and weaknesses of their various legal and factual positions" following a period of "extensive informal discovery." (Dkt. No. 42-1 at 7). The Court finds that a bona fide dispute exists.

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV131 0(AJT/JF A), 2009 WL 3094955, at *10 (E.D. Va. 2009)). Here, the Parties have "engag[ed] in extensive informal discovery and exchange of records." (Dkt. No. 42-1 at 7). The Parties emphasize that the case "is properly characterized as complex, both in terms of establishing liability and in establishing the proper amount of damages for all Plaintiffs" and "Defendants were certain to move for decertification" of the conditional class after a trial. (*Id.* at 11). If the Parties are permitted to settle at this relatively early stage, the time and expense resulting from prolonged litigation will be saved. The settlement is the result of an arms-length mediation, and Plaintiffs' Counsel considers the settlement "an excellent result for all Plaintiffs"—amounting to a 60% forfeiture by Defendant for all hours worked by Plaintiffs in the two years prior to joining the case—in light of other district court decisions across the country approving awards of 25% of claimed wages. (*Id.* at 11).

The Parties have agreed to a total settlement amount of $64,503.71 (the "Settlement Amount"). (Dkt. No. 42-1 at 3). $34,186.58 of the settlement amount will be distributed *pro rata* to the Plaintiffs based upon computation of their potential claims for unpaid wages, which the Parties explain "represents 60% of the potential backpay liability for each of the Plaintiffs and an equal amount of liquidated damages." (*Id.* at 3-4). "Each Plaintiff will receive two checks: The first check will be allocated to wages, and payroll taxes will be withheld from this payment, which will be reported on a W-2 form. The second check will be allocated to liquidated damages under the FLSA, and payroll taxes will not be withheld from this payment, which will be reported on a IRS 1099 form." (*Id.* at 4).

The Court finds the Settlement Amount is fair and reasonable. The Parties explain that "[t]he settlement recovery to Plaintiff and the Opt-In's represents a monetary recovery equal to an 60% forfeiture of the tip credit taken by Defendant for all hours worked by Plaintiffs in the two years prior to them joining the Action." (*Id* at 11). In light of the inherent risks and costs of continued litigation, the Court considers this a fair and reasonable result and will not disturb the agreement reached between the Parties.

The Settlement Amount also includes $29,900.00 in attorney's fees and $453.13 in litigation costs. (*See* Dkt. No. 44). Local Civil Rule 54.02(A) provides that "[a]ny petition for attorney's fees shall comply with the requirements set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978)," which instructed district courts to consider the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

>   reputation and ability of the attorney; (10) the undesirability of the
>   case within the legal community in which the suit arose; (11) the
>   nature and length of the professional relationship between attorney
>   and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 226 n.28.  The Parties explain the requested costs and fees are "fair, reasonable, and appropriate under *Barber*" where Plaintiffs' counsel has spent a significant time litigating the case and their recovery is less than the lodestar amount. (Dkt. No. 42-1 at 15; *see also* Dkt. No. 44). Plaintiffs' counsel are experienced employment lawyers whose hourly rates are in line with that charged by other experienced employment lawyers in the community. (Dkt. No. 42-1 at 18-19). Plaintiffs' counsel conducted their work on a contingency basis, such that their fee reflects their expectations at the outset of the litigation.  The results obtained were favorable to Plaintiffs where "[a]ssuming that the Named and Opt-In Plaintiffs spent half of their working time each shift conducting non-tipped work (which is at the high end of the range), the proposed monetary settlement will provide each individual class member with 60% of their back pay amount according to Defendants' damage estimations and 60% of their back pay amount according to Plaintiffs' damage estimations." (Dkt. No. 42-1 at 20).  The Court finds that the *Barber* factors support Plaintiffs' counsel's requested attorney's fees award.

### IV. Conclusion

In light of the foregoing, the Parties' joint motion for settlement approval is **GRANTED**. (Dkt. No. 42).

**AND IT IS SO ORDERED**.

       _s/ Richard M. Gergel_
       Richard Mark Gergel
       United States District Judge

March 11, 2025
Charleston, South Carolina